IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:20-CV-46-FL

| | | |
|---|---|---|
| BEVERLY MICHELLE HUTCHINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the parties' cross-motions for judgment on the pleadings. (DE 20, 26). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert T. Numbers, II, issued a memorandum and recommendation ("M&R") (DE 28), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For following reasons, plaintiff's motion for judgment on the pleadings is denied, and defendant's motion for judgment on the pleadings is granted.

## BACKGROUND

On October 11, 2016, plaintiff filed an application for supplemental security income, alleging disability beginning April 20, 1992. The application was denied initially and upon reconsideration. A video hearing was held on February 8, 2019, before an administrative law judge ("ALJ") who determined that plaintiff was not disabled in decision dated June 4, 2019. After

the appeals council denied plaintiff's request for review, plaintiff commenced the instant action seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (citations omitted). The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "'include a narrative discussion describing how the evidence supports each conclusion,'" Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

2

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

Case 2:20-cv-00046-FL   Document 31   Filed 03/23/22   Page 3 of 5

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. At step two, the ALJ found that plaintiff had the following severe impairments: social anxiety disorder with panic attacks, attention deficit hyperactivity disorder (ADHD), dependent personality disorder and autism. At step three, the ALJ determined that plaintiff's impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [T]he claimant can understand, remember and execute job tasks requiring a reasoning level of one or two as those levels are defined in the Dictionary of Occupational Titles (DOT), and can sustain attention and pace to carry out instructions for eight hours, in two hour intervals. The claimant can work in proximity to but not coordinate with coworkers and supervisors. The claimant cannot have contact with the public and must work in a low stress environment, defined as no fast-paced production, only simple work related decisions, and few or no changes in the work routine.

(Tr. 17-18). At step four, the ALJ concluded plaintiff has no past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.  Analysis

In her objections, plaintiff argues that the ALJ erred by: 1) failing to consider evidence that plaintiff was unable to afford medical care and treatment and its impact on residual functional capacity, 2) determining that she has a RFC to perform a full range of work at all exertional levels, 3) determining that plaintiff's statements concerning her symptoms were not entirely consistent

with the medical evidence and other evidence in the record, and 4) in failing to accurately set forth all her limitations in the hypothetical question posed to the vocational expert. Plaintiff objects to the findings in the M&R rejecting each of these arguments. Plaintiff, however, identifies no particular error in the analysis of the M&R. Instead, plaintiff restates without substantive alteration arguments made in her motion for judgment on the pleadings. (See Pl. Obj. (DE 29) ¶ 5 (incorporating by reference plaintiff's prior brief); Pl. Mem. (DE 21) at 23-30). Upon careful review of the record, the court determines that the magistrate judge already has addressed the arguments set forth in plaintiff's objections, and plaintiff raises no new issues for the court to review de novo. See Orpiano, 687 F.2d at 47. Nonetheless, having reviewed the entire record de novo, the court agrees with the findings and analysis set forth in the M&R, and, therefore, adopts the M&R in full. See 28 U.S.C. § 636(b)(1).

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 28). Therefore, plaintiff's motion for judgment on the pleadings (DE 20) is DENIED, and defendant's motion for judgment on the pleadings (DE 26) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of March, 2022.

LOUISE W. FLANAGAN
United States District Judge